Dear Major Fried:
You have asked our office to provide guidance in the enforcement of La.R.S. 32:392.1, a law recently enacted by Act 82 of the 2010 Louisiana Legislative Session. In particular, you seek clarification on two issues:
 (1) La.R.S. 32:392.1 appears to bar the towing of a motor vehicle stopped while being operated by a Louisiana resident under certain circumstances. This appears to contradict La.R.S. 32:863.1(C), which states that if an individual operating a vehicle is unable to show compliance with the compulsory motor vehicle liability insurance law, the motor vehicle shall be impounded.
 (2) Does a police officer's determination of "imminent danger" as described by La.R.S. 32:392.1 include a duty to check the driver's record to see if there are other facts, such as a previous bad record, health or age, etc., which should be taken into consideration?
La.R.S. 32:392.1 provides:
 A. Notwithstanding the provisions of R.S. 32:863.1 and any other law to the contrary, a motor vehicle stopped while being operated by a Louisiana resident shall not be impounded when the operator or the vehicle, or both, presents no imminent danger to the public. Instead, the law enforcement officer shall issue the resident operator a notice of noncompliance if [sic] *Page 2 
for a violation of R.S. 32:863.1, or a citation or violation ticket and allow the operator to proceed. In addition, the law enforcement officer may remove the license plate from the vehicle.
 B. For the purposes of this Section, "imminent danger to the public" means a present and apparent danger to the life, health, safety, or property of the public.
 C. Subsection A of this Section shall apply only to a first violation. A law enforcement officer may impound a motor vehicle for a second or subsequent violation, when the motor vehicle involves a violation of Title 14 or Part X of Chapter 4 of Title 40 of the Revised Statutes of Louisiana of 1950, the motor vehicle or its contents is an instrument of a crime or has evidentiary value, or when the operator is operating a motor vehicle under suspension or revocation of his driver's license.
La.R.S. 32:863.1 concerns the requirement to provide documentary evidence of compliance with laws requiring compulsory motor vehicle liability insurance. La.R.S. 32:863.1(C)(1)(a) provides, in pertinent part, "[i]f the operator of a motor vehicle is unable to show compliance with the provisions of this Part by displaying the required document when requested to do so, the motor vehicle shall be impounded . . ." [Emphasis added].
La.R.S. 32:392.1(A) begins with the phrase "[n]otwithstanding the provisions of R.S. 32:863.1 and any other law to the contrary," a clear indication that the legislature intended this provision to supersede La.R.S. 32:863.1. Additionally, La.R.S. 24:177(C) provides:
 The legislature is presumed to have enacted an article or statute in light of the preceding law involving the same subject matter and court decisions construing those articles or statutes, and where the new article or statute is worded differently from the preceding law, the legislature is presumed to have intended to change the law.
In addition, La.R.S. 32:392.1 was enacted in the 2010 Legislative Session, more recently than La.R.S. 32:863.1, and therefore there is a presumption that the legislature intended the change to the law. Despite the use of the word shall in La.R.S. 32:863.1, it is the opinion of this office that La.R.S. 32:392.1 prevails. Thus, a police officer cannot impound a vehicle solely due to the failure of the operator to provide documentation of compliance with the compulsory motor vehicle liability insurance laws. However, if the police officer determines that there is an "imminent danger" to the public, this fact, coupled with the operator's failure to provide documentation of compliance with compulsory motor vehicle liability insurance laws, constitutes sufficient grounds for the police officer to impound the vehicle.
We observe also that upon a second or subsequent violation of the compulsory motor vehicle liability insurance law, the motor vehicle may be impounded if other *Page 3 
circumstances are present. See La.R.S. 32:392.1(C). Section C provides that a police officer may impound the vehicle if the second or subsequent violation of La.R.S. 32:861.3(A) is combined with a violation of the controlled dangerous substance law, if the motor vehicle or its contents constitutes evidence or is an instrument of a crime; or if the operator's driver's license is under suspension or revocation.
Your second question asks for clarification of the term "imminent danger" as used in La.R.S. 32:392.1. La.R.S. 32:392.1(B) defines "imminent danger to the public" as "a present and apparent danger to the life, health, safety, or property of the public." [Emphasis added]. Your request asks whether the police officer has a duty to check the driver's record for other facts when assessing whether the operator of the motor vehicle is an imminent danger to the public. The definition of imminent danger in La.R.S. 32:392.1 specifies a present and apparent danger, which indicates an assessment made by facts presently available to the officer and does not imply a duty to perform further research to make such a determination. However, please note that it may be necessary for the officer to review the record of the driver to assess the applicability La.R.S. 32:392.1(C), i.e., to determine whether it is the first offense or whether the driver is operating the vehicle with a suspended or revoked license.
In closing, with respect to the conflict between La.R.S. 32:392.1 and La.R.S. 32:863.1, it is the opinion of this office that La.R.S. 32:392.1
prevails. Therefore, a law enforcement officer is prohibited from impounding a vehicle solely due to the failure of the operator to provide documentation of compliance with the compulsory motor vehicle liability insurance laws when it is the first violation of this type for the driver/offender. However, if the law enforcement officer determines that there is an "imminent danger" to the public, this fact, coupled with the operator's failure to provide documentation of compliance with compulsory motor vehicle liability insurance laws, constitutes sufficient grounds for the law enforcement officer to impound the vehicle. An officer's determination of whether the driver presents an "imminent danger" to the public requires an assessment based on present and apparent facts about the driver which are available to the officer. A law enforcement officer has a duty to check the record of an operator of a motor vehicle in determining the applicability of La.R.S. 32:392.1 to assess whether the violation is a first or subsequent offense and to ensure the driver's license is current and valid. If the driver is stopped for a second or subsequent violation of La.R.S. 32:863.1(A), the law enforcement officer making the stop "may impound the vehicle," but only if the motor vehicle is (1) involved in a violation of Part X, Chapter 4, Title 40 of the Revised Statutes (Controlled Dangerous Substances Law); (2) an instrument of a crime or has evidentiary value; or (3) being operated by a person whose driver's license is under suspension or has been revoked. See La.R.S. 32:392.1(C). *Page 4 
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 By: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB